IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNE TARDANICO                        :
111 Brigham Street, Unit 11-A         :
Hudson, MA 01749                      :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :     Case No.
                                      :
GMI PROFESSIONAL LANDSCAPE            :
  SERVICES, INC.                      :
SERVE:                                :
     Jecca Corporate Services Inc.    :
     1225 19th Street, N.W.           :
     Washington, D.C. 20036           :
                                      :
          Defendant.                  :
_____      :

## COMPLAINT

COMES NOW the Plaintiff, Anne Tardanico, by and through her

attorneys, Allan M. Siegel, Esquire, and the law firm of

Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully

represents as follows:

## JURISDICTION

1.    This Court has jurisdiction over the within cause of

action in that the incident complained of herein occurred in the

District of Columbia.  Defendant GMI Professional Landscape

Services, Inc. (hereinafter "GMI"), is incorporated in the

Commonwealth of Virginia with its principal place of business in

Vienna, Virginia.  Plaintiff Anne Tardanico is citizen of the

Commonwealth of Massachusetts.  Accordingly, there is complete

diversity of citizenship pursuant to 28 USC § 1332(a), and the amount in controversy exceeds Seventy Five Thousand Dollars, ($75,000).

## COUNT I
### (Negligence - Personal Injury)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

2.    Upon information and belief, at all relevant times herein, Defendant GMI, *inter alia*, provided landscape and grounds maintenance services for the real property and premises at issue herein, namely Fort McNair, and the National War College, located on Fort McNair, including but not limited to the grass field across from the National War College located at 300 D Street, S.W., Washington, D.C. 20319 (hereinafter "the premises at issue").

3.    On or about June 9, 2011, Plaintiff Anne Tardanico was lawfully and properly present on the grounds of the premises at issue.

4.    At said time or place, Plaintiff Anne Tardanico, with all due regard for her own safety, was lawfully and properly walking on the lawn of the premises at issue, when she tripped and fell over a broken pipe in the ground.  The pipe in the lawn

2

was unreasonably and negligently allowed to remain in a
camouflaged condition by the surrounding grass.

5.   Defendant GMI, acting by and through its actual and/or
apparent agents, servants, and/or employees, knew or should have
known, inter alia, of the presence of the pipe in lawn and the
unreasonably dangerous condition it created, that the pipe was
unreasonably camouflaged and that there was not any notice,
sign, and/or marking indicating that the pipe was present; that
the Plaintiff and others similarly situated would be walking on
the lawn and that the camouflaged pipe, combined with the
absence of any signs, notices, markings and/or other warnings
nearby posed an unreasonable risk of harm to those, like
Plaintiff, who were lawfully and properly present.

6.    At all time mentioned herein, Defendant GMI, acting
by and through its actual and/or apparent agents, servants,
and/or employees, owed a continuing duty to maintain the
premises at issue in a reasonably safe condition, with due
regard for persons lawfully and reasonably walking on the
walkway inside the premises.

7.   Defendant GMI, acting by and through its actual and/or
apparent agents, servants, and/or employees, breached the duties
owed to the Plaintiff, Anne Tardanico, by, inter alia, failing
to use reasonable and ordinary care to keep the premises at
issue safe for the benefit of those who lawfully and reasonably

came upon the premises; failing to reasonably inspect, maintain and/or repair the lawn at the premises, failing to ensure that the lawn was free of hazardous conditions, failing to report any hazardous conditions to the owner of the property, failing to reasonably ensure that any hazardous conditions that were present were sufficiently marked and/or identified so as not to pose an unreasonable risk of harm to the Plaintiff and those similarly situated, and failing to otherwise post notices or otherwise warn the Plaintiff of dangers that the Defendant knew or should have known existed.  At all times mentioned herein, Plaintiff Anne Tardanico was free of negligence and/or contributory negligence.

8.    As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff Anne Tardanico suffered injuries and damages, including but not limited to: fractures of the bilateral tibia and a comminuted fracture of the fibula; she has incurred, and will continue to incur, medical and hospital expenses in an effort to care for her injuries; she has suffered a loss of earnings and earning capacity; and she has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Anne Tardanico demands judgment of and against Defendant GMI Professional Landscape Services, Inc. in

4

the full amount of One Million Dollars ($1,000,000.00), plus pre-judgment interest and costs.

### COUNT II
(Negligent Hiring, Training, Retention and Supervision)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

9.   At all times mentioned herein, Defendant GMI, acting by and through its actual and/or apparent agents, servants, and/or employees, owed a continuing duty to reasonably, carefully, and conscientiously secure the service of qualified and well-trained personnel, and to reasonably hire, train, retain and supervise its personnel to reasonably assure, _inter_ _alia_, that the premises at issue was kept safe and free of hazardous conditions for the benefit of those who lawfully and reasonably came upon the premises.   Defendant also had a duty to properly train, retain and supervise these persons to assure that, _inter_ _alia_, proper warnings, notices, and similar devices were posted, and that their staff were trained to inspect the property for hazardous conditions and trained to report any such hazardous conditions to the owner of the property.

10.   Defendant GMI, acting by and through its actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff by, _inter_ _alia_, failing to reasonably

hire, train, retain and supervise its personnel, as set forth above.

11. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff was injured and damaged as set forth above in paragraph 8.

WHEREFORE, Plaintiff Anne Tardanico demands judgment of and against Defendant GMI Professional Landscape Services, Inc. in the full amount of One Million Dollars ($1,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN,
CAMMARATA & SIEGEL, P.C.**

_/s/Allan M. Siegel_
Allan M. Siegel
1232 17th Street, N.W.
Washington, D.C. 20036
202-659-8600
siegel@dc-law.net
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby request a trial by jury as to all issues triable herein.

_/s/Allan M. Siegel_
Allan M. Siegel